*249 JUSTICE COTTER
dissents.
¶23 I concur with the Court’s resolution of Issue 1, but dissent from our resolution of Issue 2. I would conclude that Adgerson received ineffective assistance of appellate counsel.
¶24 The Court concludes that because counsel made a strategic decision not to raise the other crimes/acts evidence on direct appeal, the District Court did not err in concluding that Adgerson received effective assistance of appellate counsel. Opinion, ¶¶ 20-21. While I agree that our scrutiny of counsel’s performance must be highly deferential (Opinion, ¶ 18), the fact that counsel’s decision not to raise an issue on appeal may have been strategic does not render it unassailable. I submit that even under a highly deferential review, counsel’s election not to appeal the District Court’s decision to admit other crimes and acts falls outside the “wide range of reasonable and sound professional assistance.” Opinion, ¶ 18.
¶25 Trial counsel protested vigorously the State’s request to introduce evidence of other crimes, arguing that the evidence did not fit within the Just ¡Matt criteria, and that it would be extremely prejudicial. In addition, counsel filed a motion in limine seeking to preclude admission of the particular bad acts and crimes evidence the State sought to introduce. After the court granted the State’s motion to introduce the evidence, Adgerson’s trial counsel filed a motion to reconsider, arguing that the District Court had misinterpreted the need to prove Adgerson’s intent with other crimes evidence. During trial, counsel sought further clarification and repeatedly objected to the introduction of this evidence. Thus, there is no question that the objection to the other crimes and acts evidence was the most obvious and well-preserved issue in the trial record; in fact, it was the mainstay of Adgerson’s defense.
¶26 While the State, in a “shotgun” Just Notice, offered a flurry of justifications for the introduction of the other crimes evidence, the bottom line is that the State wanted to demonstrate to the jury that Adgerson was convicted of a similar crime before, and therefore he obviously did it again. The prosecutor trumpeted this very theme throughout his cross-examination of Adgerson, and then closed the State’s case by arguing that Adgerson’s prior convictions were the most persuasive and convincing evidence that he was guilty of the acts with which he was charged in the instant case. The prosecutor stated to the jury: “What stronger evidence do you need? He pled guilty to that behavior.” This is precisely the type of argument that M. R. Evid. 404(b) was designed to preclude. State v. Keys, 258 Mont. 311, 317, 852 *250 P.2d 621, 625 (1993).
¶27 Trial counsel-with the help of the State given the manner in which it presented its case-created a compelling and comprehensive record for the proposition that the District Court erred in admitting the other crimes evidence, providing appellate counsel with a clear roadmap for appeal. Given this record and the questionable legal authority underlying the District Court’s decision to admit the evidence to show proof of Adgerson’s intent and the victim’s state of mind, appellate counsel was presented with ample opportunity to demonstrate on appeal that the admission of such highly prejudicial evidence constituted an abuse of discretion. This being so, I cannot agree that the decision not to raise this issue on appeal, regardless of the fact that it may have been tactical and strategic, “cannot form the basis upon which to find ineffective assistance of counsel.” Vaughn, ¶ 29; Opinion, ¶ 20. In my judgment, this is one of those rare instances in which the presumption that counsel’s defense strategy falls within a wide range of reasonable and sound professional assistance, must fail. I would conclude that counsel rendered ineffective assistance on appeal by failing to raise this issue and on that basis, would reverse and remand for a new trial. I dissent from our refusal to do so.
JUSTICE NELSON joins the Dissent of JUSTICE COTTER.